IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA and
INTERNAL REVENUE SERVICE,

    Petitioners,

vs.                                                                                                                                        Misc. No. 07-16 JH

H. CLARK FORD III,

    Respondent.

## MEMORANDUM OPINION and ORDER

**THIS MATTER** comes before the Court on Respondent H. Clark Ford III's Motion for Relief from Void Order Based Upon Rule 60(b)(4) for Lack of Jurisdiction and Rule 60(b)(3) Fraud Upon the Court in Affidavit Form with Memorandum of Law in Support, filed May 1, 2007 (Doc. 8). Mr. Ford seeks reconsideration of the Court's order requiring him to "provide testimony and documents requested in the two IRS Summons served upon Mr. Ford." April 23, 2007 Order at 1 (Doc. 7).[1] Having considered the parties arguments, the record, and the applicable law, the Court will deny the motion.

The Court construes Mr. Ford's motion as one for reconsideration. *See Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005) ("[E]very order short of a final decree is subject to reopening at the discretion of the district judge."); *Raytheon Constructors Inc. v. ASARCO, Inc.*, 368 F.3d 1214, 1217 (10th Cir. 2003) (holding that the "district court was incorrect to treat Raytheon's motion for reconsideration under Rule 60(b), which only applies to final orders or judgments"); *Wagoner v. Wagoner*, 938 F.2d 1120, 1122 n.1 (10th Cir. 1991) (noting that a motion for reconsideration filed

---

[1] The Court amended its Order after Mr. Ford pointed out an inadvertent grammatical error, but the substantive portion of the Orders requiring Mr. Ford to appear, bring documents, and testify, are identical. *See* May 10, 2007 Amended Order (Doc. 12).

prior to final judgment "was nothing more than an interlocutory motion invoking the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment").

Mr. Ford first urges reconsideration on his repeated insistence that the Court does not have personal jurisdiction over him because Chaves County, New Mexico, where he resides, is not a "federal enclave" or federal district. He cites 26 U.S.C. § 7701(a)(9), (10), but those sections only define, for purposes of certain sections of the code, the term "United States" and "State." "United States," "when used in a geographical sense, includes only the States and the District of Columbia;" and "State" "shall be construed to include the District of Columbia, where such construction is necessary to carry out provisions of this title." 26 U.S.C. § 7701(a)(9), (10). The Court has previously informed Mr. Ford that, as a resident of the state of New Mexico, Mr. Ford is subject to this Court's jurisdiction and to the federal tax code. *See* Transcript of April 19, 2007 Hearing, 9:9-11. As noted in *Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir.1990), arguments such as this one "are completely lacking in legal merit and patently frivolous," and Mr. Ford is subject to sanctions if he continues to make those arguments the basis of litigation or appeal.

Mr. Ford next argues that the Court has no subject matter jurisdiction over the matter before the Court, contending that the IRS's assertion in its petition for enforcement of its summonses that "no returns had been filed" for certain of the years in question is fraudulent. Respondent's Br. at 1. In support, he attaches documents entitled, for example, "Filing Statement For Tax Year (2005) in Affidavit Form," which is actually a six-page brief espousing common, but uniformly rejected, tax-protestor arguments demanding proof that Mr. Ford is subject to the requirement to file a form 1040 income tax form. *See id.* Ex. 9. Mr. Ford asserts that this affidavit substituted for a "return," and because the IRS did not specify that "no 1040's had been filed," its petition for enforcement

makes a fraudulent statement. This argument is frivolous. Because Mr. Ford's affidavits filed "in lieu of" forms 1040 did not report the requisite financial and personal tax information in the manner required by the revenue code, they were not valid tax "returns."

Next, Mr. Ford urges reconsideration on his contention that IRS administrative summons using Form 2039 are "obsolete." This argument has long been rejected by the courts. *See Remark v. United States*, 979 F.2d 770, 771 (9th Cir. 1992) (noting that, "in Rev. Proc. 84-62, the IRS recognized that it uses several forms, *in addition* to Form 2039, to issue summonses. . . . Nothing in Rev. Proc. 84-62 indicates, however, that Form 2039 is no longer a valid form," and rejecting the argument that Form 2039 is an obsolete form and that a summons issued on Form 2039 is invalid) (emphasis added).

Mr. Ford next contends that the IRS summons is invalid under 44 U.S.C. § 3512 because it does not have an Office of Management and Budget ("OMB") number on it. Again, this argument has been long rejected. Section 3512 specifically does not apply to the collection of information during the conduct of an administrative action or investigation involving an agency against specific individuals or entities, as in the case of administrative summonses issued by the IRS. *See* 44 U.S.C. § 3518(c)(1)(B)(ii); *Lonsdale*, 919 F.2d at 1444-45 (holding that IRS summonses used to investigate and determine tax liability are exempt from the Paperwork Reduction Act under the "administrative action or investigation . . . against specific individuals" exclusion of § 3518(c)(1)(B)(ii)).

The argument that the summonses are invalid because the IRS capitalized all the letters in Mr. Ford's name in the caption of the federal petition, or because the summonses use the words "small business/self-employed" in the sections marked IRS "Division" and "area" of the summonses are also frivolous. Equally without merit is his circular argument that the summonses had no purpose because he has never been issued a tax assessment, therefore he has no tax liability. The

specific purpose of the summonses is to "investigate" Mr. Ford's tax liability and to "obtain financial information to make a collection determination" of tax liabilities.  *See* Doc. 1, Ex. 1 (Affidavit of IRS agent).  Mr. Ford cannot ignore them.  *See Lonsdale*, 919 F.2d at 1445.

Mr. Ford states that his behavior and statements have been made "in good faith" and to the "best of [his] present knowledge."  Respondent's Motion at iii, ¶ 13, and iv.  Mr. Ford is cautioned that, although "[i]t is well established that the good faith defense encompasses misunderstanding of the law," it does not encompass "disagreement with the law."  *United States v. Schiff*, 801 F.2d 108, 112 (2d Cir. 1986).

> The distinction [between misunderstanding and disagreement] is necessary to the functioning of the tax system.  Without it, any taxpayer could evade tax obligations simply by stubbornly refusing to admit error despite the receipt of any number of authoritative statements of the law.  At some point, such stubbornness becomes unreasonable; the line is crossed between misunderstanding and disagreement and the taxpayer can no longer successfully assert a defense of good faith.

*Id.*  To avoid future sanctions and inform himself of what the law actually requires, the Court recommends that Mr. Ford carefully read and consider the Tenth Circuit's opinion in *Lonsdale* cited above and the law review article by Danshera Cords, TAX PROTESTORS AND PENALTIES: ENSURING PERCEIVED FAIRNESS AND MITIGATING SYSTEMIC COSTS, 2005 B.Y.U. L. Rev. 1515 (2005), and revise his behavior.

**IT IS ORDERED** that the Respondent's Motion for Relief from Void Order is DENIED.

_____
UNITED STATES DISTRICT JUDGE